204

A08A0632, A08A0633. IN THE INTEREST OF C. A. S. et al.,
children (two cases).
(661 SE2d 612)

JOHNSON, Presiding Judge.

These appeals involve an order of the juvenile court terminating the mother's and father's parental rights to nine-year-old C. A. S. and twelve-year-old C. S. In Case No. A08A0632, the mother appeals the juvenile court's order. In Case No. A08A0633, the father appeals the juvenile court's order. Because the cases involve essentially the same set of facts, we have consolidated them for appeal. We note that the mother and father are also the biological parents of two other children, four-year-old A. Q. S. and two-year-old A. Q. S. Their parental rights as to these two children have already been terminated, and that case has not been appealed.

The evidence presented at the parental rights termination hearing revealed the following: The mother and father of C. A. S. and C. S. have never been self-supporting and were living with the father's father at the time the children were taken into protective custody on November 18, 2004 and at the time of trial. The father's sister took the children for a weekend and noticed that the children exhibited evidence of chronic neglect and possible abuse. They were extremely dirty and had an odor. One of the children complained of burning when she urinated and was red between her legs. The other child would not speak. The father's sister took both children to a safe house.

The father's sister testified that over the years she has observed neglect of the children and inappropriate parenting by the mother and father, including such areas as bathing, feeding and clothing. One of the children told her that children at school made fun of her because she smelled bad. On another occasion she observed the mother and father pass one of the children back and forth for over an hour because neither one wanted to change the diaper. She had also seen the mother chew food, spit it out and then feed it to the children. This behavior continued on visits with the children while they were in the custody of the foster parents. The foster mother witnessed the mother repeatedly chewing food and then putting the food in the children's mouths. The father's sister had urged the father to take care of his children and tried to talk to the parents about the care of their children, but neither parent understood or changed. She previously reported the mother and father to the Department of Family and Children Services in 1999 and 2000.

According to the father's sister, she loves her brother, but does not believe he has the ability to care for a child. She also expressed concern about the children remaining in the home with her brother and her father since both had sexually abused her when she was a

child and since her father had beaten her when she was a child. She also indicated that she had stopped her brother from hitting the mother and observed violent conduct at the house over the years. The father in the present case admitted he pushed the mother at the court during the termination hearing.

The juvenile court determined there was probable cause to believe the children were deprived, and the children were placed in the custody of the Cobb County Department of Family and Children Services. They were placed in foster care in January 2005. When they arrived at the foster home, the children had persistent lice, they were not used to bathing or brushing their teeth, and they required numerous visits to the dentist. One child had thirteen or fourteen cavities. The children were also on academic alert at school, and ultimately it was decided to hold both children back a year in school.

On March 29, 2005, the juvenile court found the children were deprived by clear and convincing evidence. This finding was made an order of the court on April 15, 2005, and this order was not appealed. At the March hearing, the father and mother stipulated to findings of neglect, including persistent head lice, inappropriate clothes, educational neglect, physical abuse and improper hygiene. The parents also stipulated that the father had not been taking his medication for seizures and that the result of a psychological evaluation resulted in a recommendation that the children remain with the foster family.

The children have remained in the care of the foster family since January 2005, and the foster parents filed the present petition for termination of parental rights on December 15, 2006. At the time of the trial on March 29, 2007, the mother and father were residing with the father's father. Neither parent was employed, although the father and the father's father were both receiving social security disability benefits. The father testified that he was not seeking employment because it would reduce the amount he was receiving in disability income benefits: $623 per month. The mother stated she was unable to work because of her immigration paperwork. She had not worked since 1991 or 1992 and was not qualified to receive public assistance. Both parents were also dependent upon the father's father for transportation since neither the father nor mother had a driver's license.

Testimony at the hearing also revealed that the parents had limited contact with the children while they were in foster care. The contact consisted of ten to fifteen supervised visits of approximately one hour. The children have made dramatic improvement since their removal from the parents, and the guardian ad litem found that the children were thriving during their placement with the foster family. They are clean, happy, talkative children and are doing well in

school. The guardian ad litem recommended the termination of parental rights.

On May 10, 2007, the juvenile court entered an order terminating the mother's and father's parental rights. A hearing regarding the children's placement was held on May 18, 2007, and the juvenile court entered an order placing the children with the foster family for adoption. The mother and father appeal, alleging the evidence was insufficient to justify the lower court's ruling of deprivation and termination of parental rights. They specifically contend that the foster parents failed to prove that the deprivation of the children was likely to continue.

A termination of parental rights case involves a two-step analysis. First, there must be a finding of parental misconduct or inability, which requires clear and convincing evidence that: (1) the child is deprived; (2) the lack of proper parental care or control is the cause of the deprivation; (3) the cause of the deprivation is likely to continue; and (4) continued deprivation is likely to cause serious physical, mental, emotional, or moral harm to the child.[1] If these four factors exist, then the court must determine whether termination of parental rights is in the best interest of the child, considering the child's physical, mental, emotional, and moral condition and needs, including the need for a secure, stable home.[2]

In reviewing a juvenile court's decision to terminate parental rights, we view the evidence in the light most favorable to the juvenile court's disposition and determine whether any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody should be terminated.[3] In so doing, we do not weigh the evidence or determine the credibility of witnesses; rather, we defer to the juvenile court's factfinding and affirm unless the appellate standard is not met.[4]

Here, the mother and father, in their three-page arguments, solely contend that the foster parents failed to prove that the deprivation was likely to continue. They argue that at the time of the termination hearing, they had an income and stable housing, and were demonstrating proper care by addressing the father's need for medication. According to the parents, "[t]hey deserve the opportunity to show that they had learned from their mistakes" and "there was not enough evidence to justify that deprivation would be likely to continue." We disagree.

---

[1] OCGA § 15-11-94 (b) (4) (A) (i)-(iv).

[2] OCGA § 15-11-94 (a).

[3] *In the Interest of S. L. B.*, 265 Ga. App. 684, 687 (1) (595 SE2d 370) (2004).

[4] Id. at 684.

Because neither the mother nor the father appealed the April 15, 2005 juvenile court order finding the children deprived and finding that the cause of the deprivation was the lack of proper parental care and control, the mother and father are bound by that determination.[5] The mother and father do not dispute this fact; they merely argue that the evidence was insufficient to show that the deprivation was likely to continue.

Here, contrary to the mother's and father's arguments, the evidence does not show stable housing and stable income. Neither parent is employed and neither parent has any prospects for employment. The only income generated by the father is social security disability payments of $623 per month. They remain dependent upon the father's father for housing and transportation. And, the record shows that the children were residing at their grandfather's house when they were originally removed and found to be deprived.

In addition, while the Cobb County Department of Family and Children Services developed a case plan to help the parents regain custody of the children, there was no evidence that either parent made any significant efforts to meet the objectives of the case plan. In fact, the mother admitted that she and the father did not complete the plan, and even failed parts of the plan. The parents have failed to produce any evidence showing that they are capable of caring for the children at even the most basic level.

While the trial court is entitled to consider evidence of the parents' past actions in determining whether the deprivation is likely to continue,[6] this case does not rest on past unfitness. The mother and father have failed to show that their present circumstances are any different than they were when the children were removed from their home and adjudicated deprived. "The decision as to a child's future must rest on more than positive promises which are contrary to negative past fact."[7] Clearly, the evidence supports the juvenile court's determination that the causes of the children's deprivation are likely to continue.

*Judgments affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED APRIL 16, 2008.

*David J. Koontz*, for appellant (case no. A08A0632).
*Roderick H. Martin*, for appellant (case no. A08A0633).

---

[5] See *In the Interest of A. B.*, 283 Ga. App. 131, 136 (1) (a), (b) (640 SE2d 702) (2006).

[6] Id. at 136 (1) (c).

[7] (Citation and punctuation omitted.) *In the Interest of S. B.*, 287 Ga. App. 203, 213 (2) (651 SE2d 140) (2007).

*Bruce W. Phillips*, for appellee.